## BURDGE v. SMITH et als.

NEITHER the Act of 1858 as to the location of seminary land, nor the Act of Congress donating it, allows mineral land to be located.

The presumption under our statute is, that all land in the State is public land, until the legal title is shown to have passed from the government to private parties. This presumption is reconcilable with the presumption of title arising from possession.

The possession of agricultural land is *prima facie* proof of title against a trespasser; but where it is shown, that the party goes on mineral land to mine, there is no presumption that he is a trespasser; and the statutory presumption, that it is public land, in the absence of proof of title in the person claiming it as agricultural land, applies.

How far the right of miners to go upon public mineral land, in possession of another, for the purpose of mining, must be modified to secure any rights of such possessor, reserved.

APPEAL from the Eleventh District.

Plaintiff avers himself to be the owner in fee and possessed of a tract of land containing about five hundred acres. That for several years he has had a fence around the same, and has used it for agricultural and grazing purposes. That defendants entered upon a portion of the land, and, by digging up the soil, erecting a dam, and carrying on mining, generally, have flooded and injured the land greatly, etc. etc. Defendants are miners,

and claim the right to go upon the land as public mineral land and extract the gold. Plaintiff proved his inclosure and cultivation, and also gave evidence tending to show that he had located the tract as seminary land. He sues for damages and an injunction, etc. On the trial plaintiff asked several instructions which were refused.

The main instructions refused, were to the effect that the actual possession of the land prior to, and at the time of, defendants' entry, was evidence of a fee simple title in plaintiff, and that ownership of the gold followed the ownership of the soil. And that, in such case, miners have no right to enter upon the land to work for gold.

That the right to mine, even if it existed, did not authorize defendants to construct a dam on the land, and that they are responsible for damages caused by flooding, etc.

The Court instructed the jury, in substance, to find for defendants, if they believed the land to be public mineral land, used by plaintiff for agricultural and grazing purposes, and entered on by defendants in good faith for mining purposes, and worked in the usual way.

Verdict for defendants, judgment accordingly, motion for new trial overruled, plaintiff appeals.

*Sunderland,* for Appellant.

1. The plaintiff and his grantor having inclosed the premises, and held actual possession thereof, the former was to be regarded at the date of defendants' entry as the absolute owner in fee of the land, against all the world. (*Hicks* v. *Davis,* 4 Cal. 67; *Winans* v. *Christy,* Id. 70; *Plume* v. *Seward,* Id. 94; *Castro* v. *Gill,* 5 Id. 40.)

2. The defendants, claiming no title, could not prove title in the United States to justify their trespasses. (*Bird* v. *Lisbros,* 9 Cal. 1.)

3. The evidence offered did not prove title in the United States.

4. It was error to admit the evidence of witnesses to prove title in the United States.

5. The flooding from the dam and the digging of ditches, were not authorized, admitting the land to be the property of the

.United States. (*Stoakes* v. *Barrett*, 5 Cal. 36 ; *McClintock* v. *Bryden*, Id. 97 ; *Tartar* v. *Spring Creek Co.* Id. 395 ; *Fitzgerald* v. *Urton*, Id. 308 ; *Burdge* v. *Underwood*, 6 Id. 46.)

*E. B. Crocker* and *Horace Smith*, for Respondents.

The actual possession of plaintiff raises only a presumption of title as against a trespasser entering without right; but no such presumption arises as against a miner, who enters with right if it is public land.

The mere fact of actual possession does not establish that it is not public land, but it will be governed by the State law, which declares that :

" All lands in this State shall be deemed and regarded as public lands until the legal title is shown to have passed from the government to private parties.   (Wood's Dig. 527, Art. 2750.)

The fact that plaintiff never complied with the provisions of the Possessory Act, will give him no greater rights than if he had.

The rights of the miner have been settled in this Court.   (5 Cal. 36, 97, 395 ; 6 Id. 45.)

2. But it is urged that the entry by plaintiff as seminary lands under the State law, gave him a title, good against the miner.

The Act of Congress granting to California seventy-two sections " for the use of a Seminary of Learning," says : " *Provided, however, that no mineral lands*, etc. shall be subject to such selection."   (Wood's Dig. 750, Sec. 12.)   And the State law provides that the location must be made "in conformity to the laws of the United States."   (Acts of 1858, p. 248, Sec. 3.)   So that even if the party had perfected his title under this entry, by obtaining a patent, it would be void, not being authorized by law.   (9 Cal. 322 ; *Jackson* v. *Marsh*, 6 Cow. 281 ; *Stoddard* v. *Chambers*, 2 How. U. S. 284 ; 7 Smed. & Mars. 363.)

The evidence on the point of unnecessary damage done by the miners, was conflicting, and the instructions of the Court laid down the rule of law correctly.   (5 Cal. 97 ; Id. 36.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The plaintiff took up a portion of public land, professing to

enter it by virtue of the Act of 1858, as seminary land, to which the State is entitled under Act of Congress. The land was mineral land, and the defendants went upon it to extract the gold, and to use water running through it as auxiliary to mining.

The plaintiff can derive no aid from his location on this tract as seminary land under the Act of the Legislature, for neither that Act nor the Act of Congress allows mineral land to be so appropriated. The presumption raised by statute, (Wood's Dig. 527,) is, "that all lands in this State shall be deemed and regarded as public lands until the legal title is shown to have passed from the government to private parties." It is true that we have repeatedly held that possession is proof of ownership in the possessor; but these presumptions are not necessarily irreconcilable. The possession of agricultural land may draw to it this presumption against a trespasser in favor of the possessor; but when it is shown that a person goes upon mineral land to mine, there is no presumption that he is a trespasser; for, if it be not private property, it is his right so to go, and the statutory rule of presumption, that in the absence of a showing of title in the person claiming to hold it for agricultural purposes, it is public land, applies.

To hold that a mere entry upon a tract of public mineral land of any given extent gives a right to exclusive occupancy and enjoyment to one man, would be to hold that the whole mineral region might be appropriated and monopolized by a few men— a doctrine which would effectually exclude the mass of the people of the State from a participation in the mines. We have often held that no such claim can be recognized. In this case there are no circumstances which call for any modification of the principle which allows a right of entry upon the public mineral land by those desiring to work the mines or extract the minerals found on a tract claimed to be possessed by a mere prior locator. If any modifications be necessary to secure the rights of the parties first in possession, we must reserve the consideration of them until a proper case arises.

Judgment affirmed.